**IN THE COURT OF APPEALS OF IOWA**

No. 14-1400
Filed August 19, 2015

**THOMAS PATRICK OLOFSON,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Richard G. Blane II, Judge.

An applicant appeals the court's denial of his application for postconviction relief. **AFFIRMED.**

Andrea K. Buffington of Ranes Law Firm, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, and William A. Hill, Assistant Attorney General, Special Litigation Division, for appellee.

Considered by Doyle, P.J., and Mullins and Bower, JJ.

**MULLINS, J.**

Thomas Olofson was sentenced to terms of incarceration on drug charges. His sentences were suspended, and he was placed on probation. He failed to attend meetings with his probation officer or maintain contact with his probation officer until he was arrested on a probation violation complaint. The district court revoked his probation and imposed the terms of incarceration. The department of corrections calculated his credit for time served, denying him credit for the time he had absconded from supervision and had no contact with his probation officer. Olofson then filed an application for postconviction relief to challenge the calculation of credit for time served under *Anderson v. State*, 801 N.W.2d 1, 9 (Iowa 2011).[1] The district court denied and dismissed his application. He has appealed.

The district court issued a thorough, fully reasoned, and well-written ruling, concluding the department of corrections properly denied Olofson's claim of credit for the time he had absconded from supervision. Olofson's claim seeks an absurd result, contrary to the reasoning and intention of *Anderson*.

We affirm pursuant to Iowa Court Rule 21.26(1)(d).

**AFFIRMED.**

---

[1] The legislature has since amended Iowa Code section 907.3(3) to eliminate the credit applied in *Anderson*. *See* 2012 Iowa Acts ch. 1138, §§ 91–93.